JUSTIN T. BERGER (SBN 250346)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jberger@cpmlegal.com

ALEXANDER S. ELSON
**NATIONAL STUDENT LEGAL DEFENSE NETWORK**
1701 Rhode Island Ave. NW
Washington, DC 20036
Telephone: (202) 734-7495
alex@defendstudents.org

DAVID BALTMANIS
**MINER, BARNHILL & GALLAND, P.C.**
325 N. La Salle St., Suite 350
Chicago, IL 60654
Telephone: (312) 751-1170
dbaltmanis@lawmbg.com

RYAN MILLER
**MINER, BARNHILL & GALLAND, P.C.**
44 E. Mifflin St., Suite 803
Madison, WI 53703
Telephone: (608) 255-5200
rmiller@lawmbg.com

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA FULLER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>BLOOM INSTITUTE OF TECHNOLOGY, et al.,<br><br>Defendants. | Case No. 3:23-CV-01440-AGT<br><br>**PLAINTIFFS' MOTION TO REMAND AND FOR FEES AND COSTS**<br><br>Date:   May 19, 2023<br>Time:   10:00 a.m.<br>Dept:   Courtroom A, 15th Floor<br>Judge:  Magistrate Alex G. Tse |

**PLAINTIFFS' MOTION TO REMAND AND FOR FEES AND COSTS;**
Case No. 3:23-CV-01440-AGT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 19, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court located at the Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Magistrate Alex G. Tse, Plaintiffs will move the Court to remand and for fees and costs.

Plaintiffs seek an order remanding this case to California state court and an award of reasonable fees and costs incurred as a result of Defendants' removal for the reasons stated in the following memorandum.

Dated: April 14, 2023					**MINER, BARNHILL & GALLAND, P.C.**

								By:   /s/ *David Baltmanis*
								         DAVID BALTMANIS
								         RYAN MILLER

								**NATIONAL STUDENT LEGAL DEFENSE NETWORK**
								         ALEXANDER S. ELSON

								**COTCHETT, PITRE & McCARTHY, LLP**
								         JUSTIN T. BERGER

								*Attorneys for Plaintiffs and the Proposed Class*

**PLAINTIFFS' MOTION TO REMAND AND FOR FEES AND COSTS;**
Case No. 3:23-CV-01440-AGT

1

# PLAINTIFFS' MEMORANDUM IN SUPPORT OF
# MOTION TO REMAND AND FOR FEES AND COSTS

Plaintiffs filed this putative class action in California state court on March 16, 2023. They allege that Defendants, a California-based for-profit coding bootcamp and its CEO, violated multiple California consumer protection statutes by, *inter alia*, misrepresenting the bootcamp's job placement rates and approval status with the State of California. Defendants filed their Notice of Removal to Federal Court 11 days later, on March 27, 2023, as well as Motions to Compel Arbitration, Dismiss, and Strike on April 12, 2023. Plaintiffs move to remand because (1) the "forum defendant rule," 28 U.S.C. § 1441(b)(2), prohibits removal; (2) Defendants improperly aggregate plaintiffs' claims to reach the amount in controversy requirement for § 1332(a) diversity; and (3) Defendants fail to establish facts supporting CAFA jurisdiction. Plaintiffs also move for fees and costs incurred as a result of Defendants' removal, pursuant to 28 U.S.C. § 1447(c).[1]

## **ARGUMENT**

Removal is only permissible where the federal court is satisfied that it has subject matter jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing that the Court has subject matter jurisdiction. Defendants therefore "must meet that burden by 'proving the facts to support jurisdiction, including the jurisdictional amount,'" which "must be included in the notice of removal." *Martinez v. Kirk xpedx, a Div. of Int'l Paper Co.*, 2003 WL 21715875, at *1 (N.D. Cal. July 15, 2003) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992)). Defendants' notice of removal is facially deficient for two reasons, neither of which is curable.

I. **The Forum Defendant Rule Prohibits Removal.**

While a defendant may generally remove to federal court any civil action where the amount in controversy exceeds $75,000 and parties' citizenship is diverse, *see* 28 U.S.C. §§ 1332(a), 1441(a), the forum defendant rule is an exception. The rule states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in

---

[1] Plaintiffs will separately file a motion to stay briefing and consideration of Defendants' April 12, 2023, filings pending resolution of the threshold jurisdictional issue presented by this Motion once Plaintiffs' counsel has had an opportunity to meet and confer with Defendants' counsel pursuant to Local Rules 6-1(b) and 6-3(a)(2).

**PLAINTIFFS' MOTION TO REMAND AND FOR FEES AND COSTS;**  2
**Case No. 3:23-CV-01440-AGT**

interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Open Text Inc. v. Beasley*, 2021 WL 3261614, at *3 (N.D. Cal. July 30, 2021) (quoting *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006)). The rationale for the rule is straightforward: "[D]iversity jurisdiction is intended to protect *out-of-state* defendants from possible prejudices in state court," but "[t]he need for such protection is absent … in cases where the defendant is a citizen of the state in which the case is brought." *Open Text Inc.*, 2021 WL 3261614, at *3 (emphasis added) (quoting *Lively*, 456 F.3d at 940).

Assuming without conceding that this case is even removable in the first place based on § 1332(a) diversity,[2] the forum defendant rule applies, requiring remand to California state court. Defendants admit in their Notice of Removal that BloomTech Inc. has its headquarters and principal place of business in California. *See* Defs.' Notice of Removal, Dkt. No. 1, at ¶ 5. BloomTech Inc. is therefore a California citizen for the purposes of the § 1441(b)(2) forum defendant rule and § 1332(a) diversity. *See* § 1332(c)(1) ("For the purposes of this section and section 1441 … a corporation shall be deemed to be a citizen of … the State … where it has its principal place of business …."). Defendants also concede that BloomTech Inc. was already properly served, *see* Defs.' Notice of Removal at ¶ 9, and cannot dispute that BloomTech Inc. is properly joined. Although Defendants dispute that Defendant Allred is a citizen of California, *see id.* at ¶ 5, n.2,[3] the forum defendant rule applies here so long as "any" defendant is a citizen of California. *See* § 1441(b)(2). Therefore, even if § 1332(a)'s amount-in-controversy requirement is satisfied, which it is not as discussed in Section II, removal is barred by § 1441(b)(2).

II. **Defendants Improperly Aggregate Each Plaintiff's Claim to Reach the Amount in Controversy Threshold for Section 1332(a) Diversity.**

Defendants rely on § 1332(a) diversity as their basis for removal, which requires that the amount in controversy exceeds $75,000. Defendants do not dispute that each individual Plaintiff's

---

[2] *See* Section II, *infra* (explaining that Defendants fail to establish the requisite amount in controversy for the purposes of § 1332(a) diversity).

[3] Defendants fail to support this allegation with any facts, most notably a representation of the state of Allred's citizenship. Thus, even if Allred's citizenship was relevant, which it is not, Defendants fail to carry their burden of establishing Allred is diverse from all four named plaintiffs.

**PLAINTIFFS' MOTION TO REMAND AND FOR FEES AND COSTS;**  3
**Case No. 3:23-CV-01440-AGT**

claim falls short of this requirement. Instead, to reach the $75,000 threshold, Defendants aggregate the claims of each of the four class representatives: "Plaintiffs allege that they were indebted to one or more Defendants in amounts of up to $30,000, which means that they cumulatively believe more than $75,000 in debt obligation is at issue between just the four (4) putative class representatives in this case." Defs.' Notice of Removal at ¶ 7 (citations and quotations to Complaint omitted).

But the Ninth Circuit has foreclosed this type of aggregation to reach the amount in controversy requirement. Indeed, the "traditional rule" is that a defendant may not aggregate the claims of "multiple plaintiffs who assert separate and distinct claims … to satisfy the amount in controversy requirement." *See Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (citing *Troy Bank v. G.A. Whitehead & Co.,* 222 U.S. 39, 40 (1911)). A paradigmatic example of such "separate and distinct claims" is when each plaintiff has its own contract with a defendant; the separate contracts preclude aggregation. *See In re Citric Acid Antitrust Litig.*, 1996 WL 116827, at *2–3 (N.D. Cal. Mar. 12, 1996) (citing *Bassett v. Toyota Motor Credit Corp.*, 818 F. Supp. 1462, 1467 (S.D. Ala. 1993)). Here, because each Plaintiff has their own contract with Defendants, an "Income Share Agreement" that allegedly indebts each Plaintiff to Defendants up to $30,000, *see* Compl., Dkt. No. 1, at ¶¶ 1–11, 25, 47, 110, 119, 126, 136, 173, Prayer for Relief ¶¶ 9–10, Exs. A–D, their claims are separate and distinct, precluding aggregation. Without aggregation, Defendants cannot meet the $75,000 amount in controversy, requiring remand.

### III. Defendants Fail to Establish an Alternative Basis for Removal under CAFA.

Defendants' entire Notice of Removal is premised on meeting the requirements of § 1332(a) diversity jurisdiction, with the exception of a footnoted afterthought relating to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). In the footnote, Defendants briefly speculate that "an alternate basis for removal *may* arise" under CAFA because the class size is "*potentially*" large enough, and the amount in controversy "*may*" be high enough. *See* Defs.' Notice of Removal at ¶ 7 n.1 (emphasis added). Simply put, Defendants do not actually claim CAFA applies, let alone prove it.

///

1  Defendants' CAFA speculation comes nowhere near meeting their burden of establishing that
2  removal is appropriate. As noted above, this burden includes establishing the jurisdictional amount *in*
3  *the notice of removal*. *Martinez*, 2003 WL 21715875, at *1 (citing *Gaus*, 980 F.2d at 566). Since
4  Defendants declined to include, let alone prove, *any* facts supporting CAFA jurisdiction in their Notice
5  of Removal, and since it is unclear whether Defendants themselves even believe that CAFA jurisdiction
6  exists here, CAFA cannot form an alternative basis for removal. *See also Williams v. Rodriguez*, 2017
7  WL 511858, at *9 (E.D. Cal. Feb. 8, 2017) ("Undeveloped arguments that are only argued in passing or
8  made through bare, unsupported assertions are deemed waived." (Citing *Christian Legal Soc. Chapter*
9  *of Univ. of Cal. v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010)).

**IV.    The Plain Text of § 1441(b)(2) and Case Law Clearly Foreclose Removal, Entitling Plaintiffs to Fees and Costs.**

Plaintiffs are entitled to attorneys' fees and costs incurred because the removal statute and relevant case law clearly forecloses removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Fees and costs may be awarded under § 1447(c) if the attempted removal was objectively unreasonable," including if relevant case law clearly forecloses the attempted removal. *See Houden v. Todd*, 348 F. App'x 221, 223 (9th Cir. 2009) (citations omitted).

Removal here was patently unreasonable. First, the plain text of § 1441(b)(2) should have made clear to Defendants that removal was barred by the forum defendant rule. Second, even if the forum defendant rule did not preclude removal, Ninth Circuit case law clearly prohibits aggregating claims to meet § 1332(a)'s amount-in-controversy requirement under the "traditional rule." *Urbino*, 726 F.3d at 1122. Finally, Defendants fail to even *attempt* to carry their burden to establish CAFA jurisdiction, as they must to justify removal.

Although fees and costs in connection with a remand motion are the exception rather than the rule, the present circumstance justifies them. In particular, this Court has awarded fees and costs under § 1447(c) where a defendant removes in spite of the obvious bar of the forum defendant rule. *Open Text*

*Inc. v. Beasley*, 2021 WL 3261614, at *6–7 (N.D. Cal. July 30, 2021) (awarding nearly $7,800 in fees and costs under section 1447(c)). Fees here would serve § 1447(c)'s purpose of "deter[ring] removals sought for the purpose of prolonging litigation and imposing costs on the opposing party …." *Id.* at *6 (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005)).

## CONCLUSION

For the foregoing reasons, Plaintiffs move for remand back to California state court and an award of reasonable fees and costs incurred as a result of Defendants' removal. As noted above, after they meet and confer with Defendants, Plaintiffs will further request this Court stay consideration of Defendants' pending motions until the jurisdictional issues presented in this Motion are resolved.

Dated: April 14, 2023	**MINER, BARNHILL & GALLAND, P.C.**

By:   /s/ *David Baltmanis*
       DAVID BALTMANIS
       RYAN MILLER

**NATIONAL STUDENT LEGAL DEFENSE NETWORK**
   ALEXANDER S. ELSON

**COTCHETT, PITRE & McCARTHY, LLP**
   JUSTIN T. BERGER

*Attorneys for Plaintiffs and the Proposed Class*