PILLSBURY WINTHROP SHAW PITTMAN LLP
PATRICK HAMMON (255047)
patrick.hammon@pillsburylaw.com
ANDREW K. PARKHURST (324173)
andrew.parkhurst@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone:      650.233.4500
Facsimile:       650.233.4545

Attorneys for Defendants,
BLOOM INSTITUTE OF TECHNOLOGY;
AUSTEN ALLRED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSICA FULLER, et al.<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BLOOM INSTITUTE OF TECHNOLOGY, et al.<br><br>　　　　Defendant. | Case No. 3:23-CV-01440-AGT<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STAY BRIEFING AND CONSIDERATION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION (DOC. 10), AND MOTIONS TO DISMISS (DOCS. 11 AND 12) PENDING RESOLUTION OF PLAINTIFFS' SECOND MOTION TO REMAND**<br><br>Date:　　　June 8, 2023<br>Time:　　　10:00 a.m.<br>Dept:　　　Courtroom A, 15th Floor<br>Judge:　　　Magistrate Alex G. Tse |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................4

BACKGROUND .............................................................................................................................5

ARGUMENT ...................................................................................................................................6

I.   THE PARTIES' MOTIONS SHOULD BE HEARD ON AN APPROPRIATELY
     STAGGERED AND SET BRIEFING SCHEDULE. ..........................................................6

CONCLUSION................................................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*Denes v. Travelers Indem. Co.*,
  No. C 07-4811 CW, 2008 WL 449879 (N.D. Cal. Feb. 15, 2008) ...........................................7

*Hellerstein v. Desert Lifestyles*,
  No. 215CV01804RFBCWH, 2018 WL 1608406 (D. Nev. Mar. 31, 2018) .............................6

*Nat'l Airmotive Corp. v. Gov't & State of Iran*,
  499 F. Supp. 401 (D.D.C. 1980) ...............................................................................................6

*Perron v. Hewlett-Packard Co.*,
  No. 10-CV-00695-LHK, 2011 WL 1344221 (N.D. Cal. Apr. 8, 2011) ....................................6

*Quiksilver Greater China Ltd. v. Quiksilver Glorious Sun Licensing Ltd.*,
  No. SACV1201379CJCANX, 2012 WL 12878644 (C.D. Cal. Nov. 2, 2012) .........................7

*Rivers v. Walt Disney Co.*,
  980 F. Supp. 1358 (C.D. Cal. 1997) .........................................................................................8

**STATUTES AND CODES**

United States Code,
  Title 28, Sections 1711 *et. seq.* .......................................................................................4, 5, 7

**INTRODUCTION**

While Defendants Bloom Institute of Technology and Austen Allred (together "Defendants" or "Bloom") do not oppose reasonable extensions or stipulated modifications regarding the briefing schedule with respect to the motions they filed back in mid-April, they *do* oppose the indefinite stay that Plaintiffs have requested in their most recent submission. Instead, Defendants respectfully submit that an effective and orderly method of resolving the issues before the Court would be to:

(1) set a date certain for Plaintiffs' Motion to Remand (and all related briefing);

(2) schedule the hearing on Defendants' Motion to Compel Arbitration 1-to-2 weeks after the Court enters an order on Plaintiffs' Motion to Remand (assuming it is denied), but set dates certain in the near term for the parties' respective briefing on that motion;

(3) schedule the hearing on Defendants' Motions to Dismiss and Motion to Strike 1-to-2 weeks after the Court enters an order on Defendants' Motion to Compel (assuming it is denied), but set dates certain in the near term for the parties' respective briefing on those motions.

As opposed to an indefinite stay, a schedule along these lines promotes judicial economy while ensuring an orderly and fair process for addressing these threshold issues.

That jurisdictional discovery has been requested does not change Defendants' position. Indeed, Defendants intend to provide jurisdictional information that will further support their removal under the Class Action Fairness Act ("CAFA") on or before Defendants' Opposition to the Motion to Remand is due on May 17, 2023. Defendants contend that the jurisdictional information they are gathering will provide ample support for this Court's jurisdiction under the CAFA and include far more supporting information than what was required in Defendants' removal notice. Indeed, Defendants are hopeful that, once Plaintiffs have that jurisdictional information, they will reconsider their Motion for Remand and withdraw it in due course.

But whether Plaintiffs withdraw their Motion to Remand or not, an indefinite stay is not necessary, especially given that Plaintiffs will have had all of Defendants' motions for almost a month, as of the date of this submission. For these reasons, the Court should deny Plaintiffs' request for an indefinite stay of Defendants' motions and order a briefing schedule as set forth below.

**BACKGROUND**

Defendants filed an amended notice of removal on April 19, 2023, which added additional support for their removal and articulated the specific reasons each of the requirements for federal jurisdiction under CAFA have been satisfied. (Dkt. 19.) On April 27, Plaintiffs indicated that they intended to file a Motion for Remand and to seek jurisdictional discovery. The parties met and conferred via phone and email on how best to proceed given Defendants' pending Motion to Compel Arbitration, Motions to Dismiss, and Motion to Strike. (Dkts 10-12, Declaration of David Baltmanis in Support of Plaintiffs' Motion to Stay ("Baltmanis Decl.), ¶ 11, Exh. B.)

On Monday, May 1, Plaintiffs asked Defendants for their positions with regard to "specifically the sequencing of jurisdictional discovery." (*Id.*) Later that day, Defendants responded that, although it did not appear that there was a reasonable basis to challenge Defendants' removal under CAFA (or any basis for contending that the representations in the amended removal notice were false or inaccurate), Defendants were not "categorically opposed to jurisdictional discovery." (*Id.*) Defendants' response also stated that Defendants were "not opposed to kicking out the remaining Motion to Dismiss briefing," but were opposed to an indefinite stay. Finally, Defendants stated their view at the time that the Motions for Remand could be heard with the Motion to Compel Arbitration. (*Id.*) Defendants concluded noting that if Plaintiffs needed more time in connection with any of their briefing obligations, Defendants would agree—and certainly would not oppose a request to the Court—to provide it. (*Id.*)

Plaintiffs responded in a Tuesday, May 2, 2023 email, which, among other things, took issue with Defendants' proposal and proposed an interrogatory that they would serve seeking jurisdictional discovery if agreed to. (*Id.*) Given the length of Plaintiffs' May 2 email and commitments on other matters, Defendants were not able to respond before Plaintiffs filed their remand motion and motion to stay over the course of the next two days on May 3 and 4. (*Id.*, Dkts. 25-26.)

///
///
///

# ARGUMENT

## I. The Parties' Motions Should Be Heard On An Appropriately Staggered And Set Briefing Schedule.

As a general matter, indefinite stays, which Plaintiffs have essentially requested, are disfavored. *Perron v. Hewlett-Packard Co.*, No. 10-CV-00695-LHK, 2011 WL 1344221, at *1 (N.D. Cal. Apr. 8, 2011) *quoting Clinton v. Jones,* 520 U.S. 681, 708 (1997) ("Generally, stays should not be of an indefinite nature and should be granted only for a 'short, or at least reasonable, duration.'"); *See Nat'l Airmotive Corp. v. Gov't & State of Iran*, 499 F. Supp. 401, 406 (D.D.C. 1980) ("[S]tay of indefinite duration in absence of pressing need" is not warranted, even where in this case, the government sought to stay plaintiff's efforts to seize U.S.-based Iranian assets during the Iran Hostage Crisis) (internal citations omitted). Moreover, the case cited by Plaintiffs, *Hellerstein v. Desert Lifestyles*, No. 215CV01804RFBCWH, 2018 WL 1608406 (D. Nev. Mar. 31, 2018), does not support a blanket stay to resolve matters of subject matter jurisdiction. (Mtn. to Stay, 4:11-15.) Subject matter jurisdiction was challenged in *Hellerstein*, but the stay was granted earlier in the case "pending a decision from the Ninth Circuit and resolution of the bankruptcy proceeding as to [another party to the case]." *Id.* at *2.[1]

Plaintiffs contend that their Motion for Remand (Dkt. 25) means "this Court is powerless" to rule on Defendants' Motion to Compel Arbitration, and their Motions to Dismiss and Strike the Complaint (Dkts. 10- 12) offered in the alternative, because Plaintiffs have challenged the Court's subject matter jurisdiction to hear the case. (Mtn. to Stay, 3:12-14.) Although Defendants disagree that the Court is unable to hear these issues before it takes up a motion for remand, Defendants do not disagree that Plaintiffs' Motion for Remand poses a threshold question regarding subject matter jurisdiction, and as such, some targeted re-ordering of the motions pending before the Court may be warranted. But Defendants contend that a challenge to subject matter jurisdiction alone does not

---

[1] Plaintiffs also insinuate, as a potential alternative, that the Court could "deny all the pending motions without prejudice while jurisdictional discovery proceeds." (Mtn. to Stay, 4:9-11, *citing Whittum v. Univ. Med. Ctr. of S. Nevada*, No. 221CV01777MMDEJY, 2022 WL 4466182, at *5 (D. Nev. Sept. 23, 2022).) Defendants contend that this type of "clean sweep" would be an inefficient means of presenting and resolving the issues raised by the parties' respective motions. Accordingly, Defendants submit that this alternative proposal should be disregarded, to the extent it was intended to be a proposed alternative in the first place.

merit the kind of indefinite stay it appears Plaintiffs are requesting.

Moreover, although Defendants contend jurisdictional discovery should not be necessary given the sufficiency of their removal notice under CAFA (Dkt. 19), Defendants are gathering jurisdictional discovery for production, and intend to serve it on Plaintiffs on or before their Opposition to the Motion to Remand is due on May 17, 2023. Defendants are confident that once more detailed information is made available regarding the putative class members, including about their locations and the amounts at issue for each, Plaintiffs can and should strongly consider withdrawing their request for remand in recognition of the fact that this Court has CAFA jurisdiction. With the issue of subject matter jurisdiction likely disposable either before the Motion for Remand hearing date on June 16, 2023, or shortly thereafter, Defendants assert that there is no need for lengthy delay in having their motions heard, and certainly not for an indefinite period of time as Plaintiffs' stay request would indicate.

Therefore, Defendants propose that the Court impose a staggered briefing schedule.[2] (*See* Baltmanis Decl., ¶ 4, Exh. A.) Defendants propose the following:

**Step 1:** As scheduled, if not withdrawn following Defendants' production of jurisdictional discovery, Plaintiffs' Motion for Remand would be heard on June 16, 2023, with Defendants' Opposition due May 17, and Plaintiffs' Reply due May 24.

**Step 2:** Plaintiffs' Opposition to Defendants' Motion to Compel Arbitration (Dkt. 10), and Defendants' Reply in support thereof be due May 31 and June 14, respectively. The hearing on Defendants' Motion to Compel be set 1-to-2 weeks from the date the Court enters an order on Plaintiffs' Motion to Remand (or at the Court's earliest convenience).

**Step 3:** Plaintiffs' Opposition to Defendants' Motions to Dismiss and Motion to Strike (Dkts. 11-12), and Defendants' Replies in support thereof be due June 14 and June 28, respectively. The hearing on Defendants' Motions to Dismiss and Motion to Strike be set 1-to-2 weeks from the date the Court enters an order Plaintiffs' Motion to Compel (or at the Court's earliest

---

[2] Defendants note that, although they are proposing that the Court set a staggered briefing schedule, there is nevertheless authority supporting the Court hearing a motion for remand and a motion to compel arbitration contemporaneously. *See*, *e.g.*, *Quiksilver Greater China Ltd. v. Quiksilver Glorious Sun Licensing Ltd.*, No. SACV1201379CJCANX, 2012 WL 12878644, at *7 (C.D. Cal. Nov. 2, 2012); *Denes v. Travelers Indem. Co.*, No. C 07-4811 CW, 2008 WL 449879, at *1 (N.D. Cal. Feb. 15, 2008).

convenience).³

Defendants contend that this staggered scheduling approach would ensure judicial economy is preserved by addressing the motions currently pending before the Court in a logical order, and that it would balance the respective interests of the parties seeking to have their motions heard in as timely a manner as possible. Defendants also submit that setting a schedule along the foregoing lines would save the Court from additional motion practice and hearings in connection with resetting these dates, once the stay requested by Plaintiffs is or was lifted. Were a blanket stay imposed, on the other hand, the parties would be required to return to the Court and request further scheduling orders until each motion is eventually resolved—an outcome that would not be an efficient use of the Court's time.

In addition to keeping this case moving forward and in an orderly manner, Defendants' proposal has the added benefit of not prejudicing either side. Because Defendants filed their Motions to Compel, Dismiss, and Strike on April 19, Plaintiffs will have had a month-and-a-half and almost a full two months to prepare their two sets of oppositions, respectively—or far longer than the time afforded by the Federal Rules of Civil Procedure. Defendants' approach, therefore, strikes a balance between the interests of the parties and avoids placing Defendants in the uncertain position of not knowing when their motions will be litigated and heard. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997), *citing Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (The decision to issue a stay in any proceeding "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.")

///
///
///
///

---

³ Plaintiffs have also insinuated that they could take the scheduling of the hearing and related briefing on these motions out of Defendants' (and the Court's) hands by just amending their Complaint. (Mtn. to Stay, 3:27.) Of course, Plaintiffs are the masters of their complaint and have liberal amendment rights under the Federal Rules. However, Defendants hope that, to the extent such an amendment is designed to comport Plaintiffs' Complaint with the Federal Rules, Plaintiffs effectuate that filing soon after the Court denies their Motion to Remand (to the extent it does), so that the case stays on track.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiffs' request for an indefinite stay of Defendants' pending motions and adopt their proposed staggered hearing and briefing schedule as discussed above, subject to the needs and availability of the Court.

Dated: May 8, 2023　　　　　　　　PILLSBURY WINTHROP SHAW PITTMAN LLP

　　　　　　　　　　　　　　　　　　 /s/ Patrick Hammon
　　　　　　　　　　　　　　　By:　PATRICK HAMMON
　　　　　　　　　　　　　　　　　　ANDREW K. PARKHURST

　　　　　　　　　　　　　　　Attorneys for Defendants,
　　　　　　　　　　　　　　　BLOOM INSTITUTE OF TECHNOLOGY;
　　　　　　　　　　　　　　　AUSTEN ALLRED